## C. B. GOODE V. S. B. ERWIN.

1. AFFIRMANCE ON CERTIFICATE. — The court requires a strict and exact compliance with the statutory provisions governing appeals and writs of error, as well as the rules prescribed by it upon the same subject, before affirmance on certificate.
2. SAME.—It must appear from the certificate, which must be regular in form, that the appeal or writ of error has been duly perfected.
3. APPEAL BOND FROM JUDGMENT FOR LAND. — Where judgment is for the recovery of land, the appeal bond must be "for the costs of suit and damages on appeal." This includes costs of both courts.
4. SAME.—An appeal bond for the payment of all the costs that may accrue in the Supreme Court is insufficient.

APPEAL from Franklin. Tried below before the Hon. B. T. Estes.

Motion to affirm on certificate. In the appeal bond, the appellant and sureties "acknowledge themselves bound to pay to S. B. Erwin all the costs that may accrue in our Supreme Court, conditioned that the said C. B. Goode shall prosecute his appeal," &c.

*S. O. Moodie,* for motion.

MOORE, CHIEF JUSTICE.—It has been the uniform practice of this court, ever since the enactment of the statute authorizing affirmance of judgments upon certificate, to require a strict and exact compliance with the statutory provisions governing appeals and writs of error to this court, as well as the rules prescribed by it upon the same subject, before granting what has been characterized sometimes as the stringent and harsh remedy of an affirmance of judgment without reference to its merits. It is not sufficient that the certificate is in strict conformity with the requirements applicable to it, but it must also appear that the appeal or writ of error has been duly perfected; and if an affirmance is desired against the surety on the appeal or writ-of-error bond, it must appear that such a bond has been given by the appellant or plaintiff

in error, as is required by the statute if he was seeking the reversal of the judgment.

The bond in this case does not meet the requirements of the statute. The judgment is for land, and the appeal bond should have been "for the cost of suit and damages on appeal." This, unquestionably, is for the costs of the court below as well as this court; but the bond given by appellant merely binds him to pay all the costs that may accrue in this court. Appellee might, no doubt, if he desired it, waive the defect in the bond and submit the case upon its merits; but he is not entitled to an affirmance on a bond upon which this court would not have taken jurisdiction of the case if appellant were asking its reversal over his motion to dismiss.

Affirmance refused and certificate dismissed.

                                        DISMISSED.